UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER MCSWAIN,

        Plaintiff,

v.                                               Case No. 08-C-157

BELINDA SCHRUBBE, et al.,

        Defendants.

**ORDER**

Plaintiff McSwain, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. In a screening order, this court found that the complaint minimally states a claim for deliberate indifference, in violation of the Eighth Amendment. One of the defendants, Dr. Jill Migon, has filed a motion to dismiss, and the plaintiff was given an extension of time in which to respond to that motion. He has now responded.

I am satisfied that the motion to dismiss should be granted. The complaint was found to state a claim for deliberate indifference (albeit barely), but, as defendant Migon points out, it does not make appropriate allegations against her specifically. Migon is a podiatrist who does not work at the prison itself. The complaint alleges that she performed surgery on the plaintiff's foot and that the foot got worse over time, i.e., after the surgery. Other defendants at the prison failed to help the plaintiff (it is alleged) by reporting the problem or ensuring that he obtained appropriate medical care. There is no indication, however, that the plaintiff's condition was ever made known to Migon herself or that Migon had any contact with the plaintiff at all after the date of his surgery. The

plaintiff's response to the motion simply indicates that it was Migon who put stitches in the plaintiff's foot, and he suggests that she used the wrong kind of sutures. But it was only later that the foot became infected. If Migon did not "do her job," as the plaintiff alleges, that is a claim for negligence rather than deliberate indifference. Because an Eighth Amendment deliberate indifference claim requires a *knowing* mental state, the complaint fails to state such a claim because nowhere does it allege that Migon was even aware of the problems that resulted from the stitches she placed on plaintiff's foot.

Plaintiff has also moved for appointment of counsel. This court's screening order recently denied such a motion, although it indicated the possibility that counsel could be appointed in some circumstances. The court will consider an appointment at such time as it sees fit. Accordingly, the plaintiff is instructed not to file successive motions for appointment of counsel. The current motion will be denied, as will the plaintiff's motions to amend the complaint, none of which cure the defects in the complaint identified above.

Finally, plaintiff has filed a "motion for out of court settlement," in which he seeks $750,000. This court has no authority to order such a settlement. I note that the plaintiff is proceeding *in forma pauperis* in this court. He has three "strikes," but was allowed to proceed because his complaint set forth (minimally) a claim alleging serious injury. In another recently filed case, No. 08-C-363, I ordered the plaintiff to stop making frivolous filings. In this case, he has filed numerous letters and motions (including three separate motions to amend within the space of two weeks), and thus indicates no effort to heed this court's warnings. Nor does he seem to appreciate the fact that, having already been placed on the three strikes list, his ability to litigate in federal court is quite limited and subject to a great deal of judicial discretion. Proceeding IFP is a privilege, not

a right, and plaintiff's ability to prosecute this lawsuit was based on a narrow exception to a rule that would otherwise bar his litigation without payment of the fee. Plaintiff is hereby warned that Rule 11 applies to *pro se* individuals just as it does to those represented by counsel. That rule requires that the legal contentions made in court filings must be warranted by existing law or by a nonfrivolous argument for extending or modifying the law. Fed. R. Civ. P. 11(b)(2). Failure to comply with that provision – for example, by filing frivolous motions or requests – could result in monetary sanctions or dismissal. In other words, the fact that a plaintiff has a federal case pending does not give him a license to file anything he wants to file in that court. Legal filings – whether letters, requests, or motions – are serious affairs not to be taken lightly. They require the court and/or the defendants to read them and respond, and thereby distract the court from the numerous other cases pending before it.

The claims against defendant Migon are now dismissed, and there are now no pending motions in the plaintiff's case. The court expects the plaintiff will therefore not file any more documents in this case – absent clear and legitimate need – until such time as he or the remaining defendants file dispositive motions seeking summary judgment or other relief.

Accordingly, the motion to dismiss [24] is **GRANTED** and all claims against defendant Migon are **DISMISSED**. The motion for appointment of counsel is **DENIED**. The motions to amend [31, 36, 43] are **DENIED**, as is the motion for settlement [42].

**SO ORDERED** this ___7th___ day of May, 2008.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
